```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF OHIO
                 WESTERN DIVISION
```

```
---------------------------------
IN RE: DePUY ORTHOPAEDICS, INC.)
ASR HIP IMPLANT PRODUCTS       )   MDL No. 1:10 md 2197
LIABILITY LITIGATION           )
                               )   SHORT FORM COMPLAINT
                               )   FOR
                               )   DEPUY ORTHOPAEDICS, INC.
                               )   ASR HIP IMPLANT PRODUCTS
                               )   LIABILITY LITIGATION
---------------------------------
     This applies to:

James Raab v. DePuy
Orthopaedics, Inc., et al.            JURY TRIAL DEMAND
---------------------------------

JAMES RAAB,

         Plaintiff,

    -against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DePUY INTERNATIONAL
LIMITED, JOHNSON & JOHNSON,
JOHNSON & JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

         Defendants.
---------------------------------
```

**ABBREVIATED SHORT FORM COMPLAINT**
**FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS**
**LIABILITY LITIGATION**

1. Plaintiff, JAMES RAAB, states and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the

matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2197. Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

**ALLEGATIONS AS TO VENUE**

2.   Venue of this case is appropriate in the United States District Court Middle District of Pennsylvania. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the United States District Court Middle District of Pennsylvania. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3.   Plaintiff, JAMES T. RAAB, is a resident and citizen of Allegheny County, Pennsylvania and claims damages as set forth below.

4.   Plaintiff was born on May 19, 1971

Plaintiff claims damages as a result of:

   XX    injury to himself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

-2-

    __XX__   economic loss

    _____   loss of services

    _____   loss of consortium

**ALLEGATIONS AS TO INJURIES**

5.  Plaintiff was implanted with a DePuy ASR hip implant on his left hip on or about February 8, 2010, at York Hospital, in York, Pennsylvania by Dr. Gracia Etienne.

6.  Plaintiff had the left ASR hip implant explanted on January 30, 2017, at UPMC Shadyside Hospital in Pittsburgh, Pennsylvania by Dr. Michael O'Malley.

7.  Plaintiff has suffered injuries as a result of implantation and explantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

8.  At the time of implantation with the ASR hip implant, the Plaintiff resided in York, Pennsylvania.

9.  The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

10. The plaintiff could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

11. The plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood work.

12. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

13. The following claims and allegations are asserted by plaintiff(s) and are herein adopted by reference:

  XX  FIRST CAUSE OF ACTION
(NEGLIGENCE);

  XX  SECOND CAUSE OF ACTION
(NEGLIGENCE PER SE);

  XX  THIRD CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

  XX  FOURTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

  XX  FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

  XX  SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

  XX  SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANTABILITY);

  XX  EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

  XX  NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

  XX  TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

  XX  ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

  XX  TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT)

  XX  THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

  XX  FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

  XX  FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

  XX  SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

  XX  SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

  XX  EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

\_\_\_  NINTEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

  XX  TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES);

  XX  TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING);

\_\_\_  TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE) – **SPECIFY THE STATUTE ALLEGED**;

  XX  TWENTY-THIRD CAUSE OF ACTION

-5-

        (RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT).

PLAINTIFF(S) ASSERT(S) THE FOLLOWING ADDITIONAL STATE CAUSES OF ACTION:

None.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

1. For compensatory damages request and according to proof;
2. For punitive or exemplary damages against Defendants;
3. For all applicable statutory damages of the state whose laws will govern this action;
4. For medical monitoring, whether denominated as damages or in the form of equitable relief;
5. For an award of attorneys' fees and costs;
6. For prejudgment interest and the costs of suit; and
7. For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

```
                              Respectfully submitted,

                              /s/ Steven C. Ruth
                              _____
                              Counsel for Plaintiff
                              Steven C. Ruth
                              MN Bar No.: 388496
                              THE RUTH LAW TEAM
                              Lakes & Plains
                              842 Raymond Avenue
                              Suite 200
                              St. Paul, MN 55114
                              Telephone: (888) 783-8378
                              Facsimile: (727) 323-7720
                              Email: hip@getjustice.com
```

Date: <u>August 24, 2018</u>